UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHRYN S. PIERCE | CIVIL ACTION |
| VERSUS | NO. 26-1846 |
| ROOMS TO GO LOUISIANA CORP., JODY CATALANO, AND ABC INSURANCE COMPANY | SECTION "T" (3) |

**ORDER AND REASONS**

Plaintiff, Kathryn S. Pierce ("Pierce"), filed a Motion for Leave to File Amended Complaint (R. Doc. 4). Defendants Jody Catalano ("Catalano") and Rooms to Go Louisiana Corp. ("RTG") oppose (R. Doc. 6). Having considered the submissions of counsel, the record, and the applicable law, the Court **GRANTS** the motion.

On December 30, 2025, Pierce filed a lawsuit against Defendants in the 24th Judicial District in Jefferson Parish, Louisiana, alleging she suffered injuries from a fall at RTG's storehouse.[1] RTG filed a notice of removal on August 21, 2026, based on diversity jurisdiction and what it alleges is the improper joinder of nondiverse defendant, Catalano, "solely to destroy diversity jurisdiction."[2] Pierce moved to remand[3] and filed the instant motion to amend, seeking to "clarify and specify the allegations against non-diverse Defendant, Jody Catalano," the on-duty manager the day of Plaintiff's alleged fall.[4]

[1] R. Doc. 4-1 at 1.
[2] R. Doc. 6 at 2.
[3] R. Doc. 3.
[4] R. Doc. 4 at 2.

Under Rule 15(a)(2), if more than 21 days after service of a responsive pleading have passed, a party may amend its pleading only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires."[5] Rule 15(a)(2) "evinces a bias in favor of granting leave to amend." *Chitimacha Tribe of La. v. Harry L.L. Co.*, 690 F.2d 1157, 1163 (5th Cir. 1982); *see also Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Indeed, the "district court must possess a 'substantial reason' to deny a request for leave to amend." *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). "That generous standard is tempered by the necessary power of a district court to manage a case." *Yumilicious Franchise, L.L.C. v. Barrie*, 819 F.3d 170, 177 (5th Cir. 2016) (internal citations omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Defendants' sole argument against amendment is that the proposed amendment is futile—specifically, that it offers only conclusory allegations against Catalano, which in turn necessitates a finding that the proposed amendment "fails to state a viable claim of personal liability against [Catalano]."[6] Futility is an issue

[5] Fed. R. Civ. P. 15(a)(2).
[6] R. Doc. 6 at 1.

"better addressed in the context of a Rule 12(b)(6) motion rather than a Rule 15(a) motion for leave to amend." *Manship v. Throne*, 2025 WL 1591444, at *2 (E.D. La. June 4, 2025) (citing *Tesla, Inc. v. La. Auto. Dealers Ass'n,* 2023 WL 9059650, at *7 (E.D. La. Jan. 11, 2023)). Granting leave to amend is "the best exercise of discretion" as it provides the opportunity for "plaintiff's best case" to be tested under the Rule 12(b)(6) framework. *Tesla, Inc.*, 2023 WL 9059650, at *7 ("[I]t is not appropriate for this Court to address that pending [Rule 12(b)(6)] matter in ruling on the proposed amended complaint").

Each of the relevant factors weighs in favor of amendment. The parties are in the early stages of litigation, no trial date has been set, and the proposed pleading does not add any new parties. Further, there is no indication that amendment would be unduly prejudicial.

For the reasons set forth above,

**IT IS ORDERED** that the Motion (R. Doc. 4) is **GRANTED**. Plaintiff's proposed Amended Complaint (R. Doc. 4-3) shall be filed in the record.

New Orleans, Louisiana, this 5th day of October, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE